UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BLANDING AND SHANEEKA BLANDING,<br><br>Plaintiffs,<br><br>v.<br><br>FEDX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, IYENGAR DELIVERY CORPORATION-WORCESTER, AND KIRAN IYENGAR,<br><br>Defendants. | Case No.   4:23-cv-11894-MRG<br><br>**MEMORANDUM AND ORDER** |

Pending before the Court is Defendant FedEx Corporation's motion to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. This motion is unopposed by Plaintiffs. After careful consideration, and for the following reasons, the motion is **GRANTED**. Plaintiffs may file an amended complaint to overcome any deficits identified herein.

I.   BACKGROUND

Plaintiffs' complaint names FedEx Corporation ("FedEx") along with three other defendants, and alleges negligence, negligence under the theory of respondeat superior, and negligence pursuant to Mass. Gen. Laws ch. 231, § 85A, based on an alleged hit-and-run motor vehicle accident that occurred on November 27, 2022, in Northborough, Massachusetts. FedEx counters that the Court lacks jurisdiction over FedEx and that these allegations must be dismissed as a matter of law. FedEx also argues that the complaint is deficient in alleging facts that directly implicate FedEx in the alleged violations, and thus it fails to state a claim upon which relief can be

granted.

## II.  LEGAL STANDARD

"It is axiomatic that, [t]o hear a case, a court must have personal jurisdiction over the parties, that is, the power to require the parties to obey its decrees." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (cleaned up). And it is the plaintiff who bears the burden of establishing that a court has personal jurisdiction over a defendant. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the Court may use several standards to assess whether a plaintiff has carried their burden: the "prima facie" standard, the "preponderance of the evidence" standard, or the "likelihood" standard. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145-46 (1st Cir. 1995).

Here, the Court makes its determination without first holding an evidentiary hearing, thus the prima facie standard is applied. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under that standard, the Court takes Plaintiffs' "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [Plaintiffs'] jurisdictional claim." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016); see Lin v. TipRanks, Ltd., 19 F. 4th 28, 33 (1st Cir. 2021) (explaining that the court takes the "specific facts affirmatively alleged by the plaintiff as true" regardless of whether they are disputed but, at the same time, does not credit "conclusory allegations" or "conclusory averments" without "evidence of specific facts."). Plaintiffs may not "rely on unsupported allegations in their pleadings." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006). Instead, Plaintiffs must put forward "evidence of specific facts" to demonstrate that jurisdiction exists. Id.

Additionally. the exercise of personal jurisdiction over a defendant must be authorized by statute and consistent with the due-process requirements of the United

States Constitution. See A Corp., 812 F.3d at 58. Consistent with those requirements, a court may exercise either general or specific jurisdiction over a defendant. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 35 (1st Cir. 2016). "In assessing personal jurisdiction over a non-resident defendant, a federal court exercising diversity jurisdiction is 'the functional equivalent of a state court sitting in the forum state.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009).

General jurisdiction exists "when [a foreign-state corporation's] affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). To be "at home" in a foreign state, a corporation must have affiliations with that state so substantial that it is "comparable to a domestic enterprise in that State." Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (2014). The Supreme Court, however, has indicated that such jurisdiction will exist only in the "exceptional case." Id. at 139 n.19. Here, as Plaintiffs acknowledge, FedEx is a Delaware corporation with a primary place of business in Tennessee. Further, there is no evidence of any affiliations with Massachusetts in the complaint that are so substantial that FedEx could be considered comparable to a Massachusetts company. Accordingly, the Court may not exercise general jurisdiction over FedEx.

As to specific jurisdiction, it "exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). But to satisfy due process requirements that would subject a non-resident defendant to jurisdiction, a plaintiff must establish three conditions. A Corp., 812 F.3d at 59. First, the claims must directly arise out of, or relate to, a defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence

3

before the state's courts foreseeable. Lastly, the exercise of jurisdiction must be reasonable. Id.

I. **DISCUSSION**

The Court has considered Plaintiffs' barebones complaint in determining whether to exercise jurisdiction over this defendant and noted the lack of specificity therein. The sum total of Plaintiffs' claims are:

- all or some Defendants, potentially excluding FedEx, "owned and/or leased the Defendant vehicle," see ECF No. 1-1, Exhibit "A" ¶ 9;

- all or some Defendants, potentially excluding FedEx, were "the employer of the driver of the Defendant Vehicle," Id. ¶ 12; and

- "the driver of the Defendant vehicle was in the course of his employment for [all or some Defendants, potentially excluding FedEx,] at the time of the collision." Id. ¶ 13.

In all their claims, Plaintiffs use boilerplate language and the conjunction "and/or" when tying the various defendants to the specific allegation. Because of this, the claims could plausibly be interpreted to entirely exclude FedEx from the allegation-at-issue. Beyond the lack of specificity as to which defendant is included in which allegation, Plaintiffs also plead no specific facts tying any individual defendant's *activities* to any particular claim. Thus, Plaintiffs have failed to show the relatedness needed for an exercise of specific jurisdiction. Because Plaintiffs have not satisfied the relatedness condition, the Court need not consider whether FedEx purposely availed itself of the forum state or whether specific jurisdiction would be reasonable. See Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 288 (1st Cir. 1999) ("An affirmative finding on each of the three elements of the test is required

to support a finding of specific jurisdiction."). Further, because the Court lacks personal jurisdiction over FedEx, the Court need not decide whether Plaintiffs' complaint fails to state a claim against FedEx.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant FedEx Corporation's motion to dismiss because the exercise of personal jurisdiction over FedEx would not comport with due process.

**IT IS SO ORDERED.**

Dated: March 8, 2024

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge